UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
APOLLO CONCRETE, INC.,                                                  :
:
Plaintiff,                                    :
-v-                                                       :           23-CV-2335 (JMF)
:
PEOPLEASE, LLC,                                                         :           ORDER
:
:
Defendant.                                    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 20, 2023, this action was removed from the Supreme Court of New York, New York County, by Defendant. *See* ECF No. 1 ("Notice of Removal"). Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 7. Defendant, a limited liability corporation or LLC, alleges that it is "not a citizen of New York," that its members are "located" in Illinois and Florida, and that its principal place of business is in South Carolina. *Id.* ¶ 9.[1] It also alleges that Plaintiff's principal place of business is in New Jersey. *Id.* ¶ 8.[2]

It is well established that to plead the citizenship of a corporation, a party must allege the corporation's state or country of incorporation and principal place of business. *See* 28 U.S.C.

---

[1] Defendant mistakenly writes in its Notice of Removal that it is a "corporation." Notice of Removal ¶ 9. Aside from the fact that Defendant's name indicates that it is a limited liability company, Defendant's Rule 7.1 Corporate Disclosure Statement, ECF No. 2, and the state complaint, ECF No. 1-2, ¶ 9, confirm that Defendant is a limited liability company.

[2] Similarly, Defendant mistakenly writes in its Notice of Removal that Plaintiff is a "limited liability company." Notice of Removal ¶ 8. Plaintiff's name, along with the underlying state complaint, ECF No. 1-2, ¶ 7, confirm that Plaintiff is a corporation.

§ 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business.") (cleaned up); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt LLC*, 692 F.3d 42, 48-49 (2d Cir. 2012) (discussing "foreign" corporations).

A limited liability company or LLC, on the other hand, is deemed to be a citizen of each state of which its members are citizens, not where its principal place of business is located. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07-CV-1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). Moreover, the citizenship of each LLC member "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").  In the present case, the Notice of Removal fails to abide by these standards.

In addition, the Notice of Removal alleges only the "locations" of the natural persons who are members of Defendant, rather than their states of citizenship, as required for purposes of diversity jurisdiction. Notice of Removal ¶ 9; *see, e.g.*, *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, it is hereby ORDERED that, on or before **March 29, 2023**, Defendant shall amend its Notice of Removal to adequately allege each party's citizenship.[3] If, by that date, Defendant is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

SO ORDERED.

Dated: March 22, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3] Defendant is reminded of Paragraph 1.B of the Court's Individual Rules and Practices in Civil Cases, which provides that "[a]ny amended or corrected filing (including but not limited to amended pleadings) shall be filed with a redline showing all differences between the original and revised filing."